**VALUE AMERICA, INC., Plaintiff,**

v.

**Paula Freschi KAMENA, District Attorney for Marin County, California, Defendant.**

**No. Civ.A.3:01CV00073.**

United States District Court, W.D. Virginia, Charlottesville Division.

Aug. 2, 2001.

William Stephen Scott, Clarence Lamar Garren, Scott & Kroner, P.C., Charlottesville, VA, for plaintiff.

Alice Ann Berkebile, Office of the Attorney General, Richmond, VA, Robert E. Nichols, San Rafael, CA, for defendant.

*MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

Before the court is the plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction," filed on July 11, 2001.[1] In that motion, plaintiff asked that this court enjoin the defendant from proceeding with a consumer protection enforcement action in California Superior Court pending resolution of the defendant's amended proof of claim by the Western District of Virginia Bankruptcy Court. Having thoroughly reviewed the parties' submissions to this court and having considered the parties' oral arguments presented at a hearing on August 1, 2001, this court finds it in the interests of justice to refer this motion to Judge William E. Anderson of the Western District of Virginia Bankruptcy Court where this case was commenced on August 11, 2000 when plaintiff filed for Chapter 11 protection.

## I.

On August 11, 2000, plaintiff, Value America, filed for Chapter 11 protection in the Bankruptcy Court of the Western District of Virginia. The presiding judge, the Honorable William E. Anderson, subsequently confirmed an amended Chapter 11 plan on March 12, 2001. On October 11, 2000, the defendant filed with the bankruptcy court a proof of claim for the amount of $737,500.00, to which the plaintiff objected. The defendant then filed a consumer protection law enforcement action against the plaintiff in the California Superior Court or May 25, 2001. The

---

1. Note that the motion is for a temporary restraining order and a preliminary injunction. However, the immediacy which necessitated the request for an *ex parte* hearing on the issuance of a TRO was negated by the extension of deadlines in the California case. This court issued an order on July 17, 2001, in which it rescheduled the hearing for August 1, 2001, in order to allow for defendants to be present. Thus, defendant was notified; defendant filed a response; and a representative of the Marin County District Attorney's Office has been admitted *pro hac vice* to appear before the court. The court then considers this a motion for preliminary injunction.

bankruptcy court eventually allowed defendant to file an amended proof of claim which defendant did on June 22, 2001. Again plaintiff objected and moved for the claim to be subordinated. The bankruptcy court will hear that motion on September 17, 2001. Meanwhile, the court is advised that the deadline for the plaintiffs to obtain counsel and respond in the California case is set for August 7, 2001.

Plaintiff has come before this court seeking to enjoin the state court proceedings until its motion to subordinate defendant's claim is decided by the bankruptcy court. The plaintiff contends that a ruling by the bankruptcy court to subordinate the defendant's claim to that of other general creditors, would make the California court case moot because no funds would be available to satisfy the claim. Hence, the preliminary injunction would eliminate the need for the plaintiff to incur interim litigation expenses for appearing in the California action.

## II.

The court will first address the issue of whether it has the power to grant the relief which the plaintiff is seeking. The defendant argues that this court has no authority to enjoin the California state court proceedings because none of the exceptions provided in the Anti–Injunction Act are applicable to this case. *See* 28 U.S.C. § 2283 (West 1994 & Supp.2001). The defendant further maintains that this court should abstain from exercising jurisdiction in the case under the Younger Doctrine.

## A.

Section 362(a) of the United States Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay of most judicial proceedings against the debtor. *See* 11 U.S.C. § 362(a) (West 1993 & Supp.2000). However, section 362(b) provides for exceptions from the automatic stay including actions by a governmental unit to enforce its police or regulatory powers. 11 U.S.C. § 362(b)(4) (West 1993 & Supp.2000). A debtor seeking to stay those proceedings must then try to do so under section 105(a) of the Bankruptcy Code which provides:

> The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to prevent the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a) (West 1993 & Supp.2000).

Courts of Appeals, including the Fourth Circuit, have interpreted this section as providing bankruptcy courts with the authority to issue injunctions. *See In the Matter of L & S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir.1993) ("[B]ankruptcy court can enjoin proceedings in other courts when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it.") *and American Imaging Serv., Inc., v. Eagle–Picher Industries, Inc.*, 963 F.2d 855, 861 (6th Cir.1992) (stating that the "authority to grant such an injunction emanates from section 105(a) whose purpose is to assist the court in carrying out the provisions of the Bankruptcy Code ...."); *see also American Hardwoods, Inc. v. Deutsche Credit Corp.*, 885 F.2d 621, 625 (9th Cir. 1989) ("[S]ection 105 permits the court to issue both preliminary and permanent injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate."); *A.H. Robins Co., Inc. v. Piccinin, et al.*, 788 F.2d 994,

720

1002 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986) ("It has been repeatedly held that 11 U.S.C. §§ 105 [...] 'empowers the bankruptcy court to enjoin parties other than the bankrupt' from commencing or continuing litigation." (internal citations omitted)); *but cf., In re Burstein–Applebee Co.,* 63 B.R. 1011 (Bankr.W.D.Mo.1986) (holding that § 105(a) only permits bankruptcy courts, and not district courts, to enjoin state court proceedings).

■ In *Carlton v. Firstcorp, Inc.,* the Fourth Circuit again recognized that the issuance of an injunction by a bankruptcy court is permissible under § 105(a). *See* 967 F.2d 942, 944 (4th Cir.1992). Although the main issue of *Carlton* involved whether a government agency's action was precluded by the Bankruptcy Code's automatic stay provision, the defendant in that case had applied for injunctive relief under 11 U.S.C. § 105(a). The *Carlton* court describes this section as a "grant of authority to bankruptcy courts [which] includes the power to enjoin the continuation of ongoing judicial and administrative proceedings which are excepted from the automatic stay." *See id.* at n. 4. After finding that the automatic stay provision did not apply to that case, the Fourth Circuit remanded the action on the application for an injunction to the district court with instructions to decide whether to resolve the application itself or to remand it to the bankruptcy court. *See id.* at 946. These instructions to the district court demonstrate that either the district court or the bankruptcy court may entertain such a motion.

### B.

■ The court does not believe that the Anti–Injunction Act warrants a different finding. This act, which addresses when a federal court may stay state court proceedings, provides as follows: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (West 1994 & Supp.2001).

The court deems it unnecessary to take up the defendant's argument that the language of § 105(a) does not constitute an express authorization under the Anti–Injunction Act. The court instead focuses on the explanation put forth by those courts which have found that a bankruptcy court may enjoin state court proceedings. Namely, the courts predominantly find that such authority is necessary in order to prevent the defeat or impairment of jurisdiction. *See In the Matter of L & S Industries, Inc.,* 989 F.2d at 932 (finding an injunction of another court's proceedings proper where such proceedings would impair jurisdiction); *see also A.H. Robins Co., Inc.,* 788 F.2d at 1003 ("the Bankruptcy Court may use its injunctive authority to 'protect the integrity of a bankrupt's estate and the Bankruptcy Court's custody thereof and to preserve to that Court the ability to exercise the authority delegated to it by Congress ...'" (quoting *In re Johns–Manville Corp.,* 40 B.R. 219, 226 (Bankr.S.D.N.Y.1984))).

Were this court to grant the injunctive relief requested by plaintiffs, it would be on the same grounds as discussed in the above-cited cases. Namely, the court would be acting to protect the debtor's estate and the bankruptcy court's "custody" of the matter. Thus, the court does not find that the Anti–Injunction Act would prevent it from issuing an injunction in this case.

### C.

■ Concerning the defendant's contention that the Younger abstention doc-

trine[2] should apply in this case, the court deems it unnecessary to reach the substance of the defendant's argument because the procedural history of this case indicates that the Younger doctrine is not a factor. The Fourth Circuit has recognized that abstention under the Younger doctrine is not required unless the "state proceedings [have been] initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" *Employers Resource Mgmt. Co., Inc. v. Shannon,* 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied,* 516 U.S.1094, 116 S.Ct. 816, 133 L.Ed.2d 761 (1996) (quoting *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 238, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)). When the formal complaint was filed in the California case, not only had the bankruptcy proceedings been initiated, but the bankruptcy court had also confirmed the Chapter 11 plan. Accordingly, the Younger abstention doctrine is not applicable here.

### D.

Therefore, this court finds no reason to dismiss or to abstain from jurisdiction over this action based on the preceding discussion and analysis of the Bankruptcy Code, the Anti–Injunction Act, and the Younger abstention doctrine. However, it is another question entirely whether this court is the best forum for the plaintiff to seek injunctive relief.

### III.

A preliminary injunction "is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Hughes Net-* *work Systems, Inc. v. InterDigital Communications Corp.,* 17 F.3d 691, 693 (4th Cir.1994) (*quoting Federal Leasing, Inc. v. Underwriters at Lloyd's,* 650 F.2d 495, 499 (4th Cir.1981)). "Indeed, granting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way. '[T]he danger of a mistake' in this setting 'is substantial.'" *Hughes,* 17 F.3d at 693 (*quoting American Hosp. Supply Corp. v. Hospital Prods., Ltd.,* 780 F.2d 589, 593 (7th Cir.1986)).

■■■■ The court begins its analysis with the seemingly obvious statement that while the parties come before this court on a motion for preliminary injunction, the actual case involves a bankruptcy proceeding which has been ongoing before a bankruptcy court for almost one year. As the Fourth Circuit directed, courts should exercise caution when considering injunctive relief because of the danger of mistake. The court considers that the main question to be answered in deciding this motion is whether the California state court proceeding filed by defendant would significantly interfere with the proper administration of the bankruptcy estate. The court believes this question is better answered by the bankruptcy court itself.

The grave concern which this court has is the fact that so little record is before the court in this case. The court has been provided with but a sketch of the year-long proceedings which have taken place in the bankruptcy court. As the plaintiff acknowledged at the oral hearing on this motion, the issues raised by the preliminary injunction motion are inextricably in-

---

2. This doctrine, developed by the Supreme Court, provides that a federal court should abstain from enjoining a pending state criminal proceeding, or a noncriminal judicial proceeding when important state interests are involved, absent a showing of bad faith, harassment, or some other extraordinary circumstance. *See Younger v. Harris,* 401 U.S. 37, 53, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *and Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

tertwined with those issues before the bankruptcy court. The plaintiff's petition is related to the background and the full panoply of factors which the bankruptcy court has dealt with from the beginning of the proceedings and which this court cannot credibly know based on the record before it. The court believes that Judge Anderson, who has presided over these proceedings, including the confirmation of the liquidation plan, will best be able to determine whether that plan is in jeopardy because of the defendant's state court action.

The plaintiff has brought to the court's attention the August 7, 2001 deadline by which the plaintiff must retain counsel and enter an appearance in the California action. The plaintiff has stated that the likelihood of obtaining a ruling on its motion from Judge Anderson before that deadline is slim, given the practicalities of scheduling the hearing and arranging for defense counsel from California to appear. While the court sympathizes with the plaintiff's organizational difficulties, it does not find that the potential expense which would result from retaining California counsel for an appearance offers sufficient grounds for this court to take up the issue of whether to grant the preliminary injunction. The court shall, however, refer the motion to the bankruptcy court for such immediate action as that court considers appropriate.

## IV.

Therefore, as the court has determined that the bankruptcy court has the authority to issue the injunctive relief being sought by plaintiff, and as the court considers the bankruptcy court to be the more appropriate forum for this motion, the court shall refer the plaintiff's motion for preliminary injunction to the presiding judge in the bankruptcy proceedings.

An appropriate order shall this day be issued.